*Law Library*

**IN THE SUPERIOR COURT OF GUAM**

C.T. CHIEN ENTERPRISES, INC. )
dba C.T. CHIEN & ASSOCIATES, )
                               )
        Plaintiff, )
                               )
      vs. )
                               )
W.B. FLORES ENGINEERING & )
TECHNICAL SERVICES, INC. dba W.B. )
FLORES & ASSOCIATES, and YOUNEX )
BUILDER CORPORATION, )
                               )
        Defendants. )
                               )

**CIVIL CASE NO. CV0497-12**

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant W.B. Flores Engineering & Technical Services, Inc.'s "verified motion for leave to file Defendant W.B. Flores Engineering & Technical Services, Inc.'s amended answers to Plaintiff's request for admissions" filed May 29, 2013. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On April 23, 2012, Plaintiff filed a complaint to allege nonpayment for professional engineering services rendered to Defendant W.B. Flores Engineering & Technical Services, Inc. (hereinafter "Flores") relating to the Emerald Oceanview Park Development Verace Guam (Towers 101, 102, 103, and 104) (hereinafter "Emerald Oceanview Park Project"). Plaintiff alleges that (1) Flores owes $7,000.00 plus interest for the review of the original design of the building structures of the Emerald Oceanview Park project (hereinafter "Contract No.1"); (2) Flores owes $214,000.00 plus interest for services related to the reduction of the floor slab thickness of the Emerald Oceanview Park Project; and (3) Flores owes $68,750.00 plus interest for redesigning the concrete shear walls and vertical supporting systems of the Emerald Oceanview Park Project (Complaint, 2-6, Apr. 23, 2012). Plaintiff further alleges that

Defendant Younex Builder Corporation (hereinafter "Younex") was unjustly enriched from the Plaintiff's services in the reduction of the floor slab thickness of the Emerald Oceanview Park Project. (Complaint, 6-7, Apr. 23, 2012). On June 1, 2012, Flores filed an answer admitting the following allegations among others:

> 7. Plaintiff was retained by Defendant W.B. Flores to review the original design of the building structures of the Emerald Oceanview park project (Towers 101, 102, 103 and 104) and Defendant W.B. Flores agreed to pay Plaintiff One Hundred Fifty Thousand Dollars ($150,000.00) in exchange for services {hereinafter referred to as "Contract No. 1"}.

> 9. In a writing dated January 27, 2010, signed by the President of W.B. Flores & Associates, William B. Flores, the terms of Contract No. 1 were memorialized and Defendant W.B. Flores reaffirmed its debt to Plaintiff. See true and correct copy of writing dated January 27, 2010 attached hereto as "Exhibit A."

> 10. Defendant W.B. Flores paid Plaintiff $112,500.00 on May 29, 2008, $3,500.00 on April 18, 2009, $3,500.00 on May 18, 2009, $3,500.00 on July 8, 2009 and $20,000 on January 25, 2010.

> 11. Defendant W.B. Flores owes Plaintiff an outstanding balance of $7,000.00 under Contract No. 1.

(Complaint, 2-3, Apr. 23, 2012); (Answer, 1, Jun. 1, 2012).

On November 19, 2012, Flores served its "Answers to Plaintiff's Request for Admissions" upon Plaintiff's counsel of record. (Opp'n Mot., 2, Jun. 21, 2013). On March 20, 2013, Defendant served its "Amended Answers to Plaintiff's Request for Admissions" upon Plaintiff's counsel of record. *Id.*

On May 29, 2013, Flores filed a verified motion for leave to file Defendant W.B. Flores Engineering & Technical Services, Inc.'s amended answers to Plaintiff's request for admissions. Flores's counsel explains the motion is predicated upon the fact that he noticed that his former associate had inadvertently failed to file the motion for leave to amend that was supposed to accompany Flores's amended answers to Plaintiff's Request for Admissions. (Mot. to Amend Admissions, 3, May 29, 2013). Flores seeks the opportunity to correct the deficiency through this motion pursuant to Guam R. Civ. P. 15(a) and asserts that Plaintiff has had the amended admissions and is not prejudiced by the granting of the motion. *Id.*

On June 21, 2013, Plaintiff filed an opposition, arguing that pursuant to Guam R. Civ. P. 36(b), the amendments would subserve the presentation of the merits and that Plaintiff would be prejudiced by Flores's decision to amend its admissions only weeks before trial was to begin and after the discovery cut-off date. (Opp'n Mot., 6-7, Jun. 21, 2013).

## DISCUSSION

Under Guam law, Guam R. Civ. P. 36 governs requests for admissions. With respect to amendment of admissions, the rule provides as follows:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.

Guam R. Civ. P. 36(b).

Guam R. Civ. P. 36(b) mirrors and derives from Rule 36(b) of the Federal Rules of Procedure. Accordingly, the Supreme Court of Guam has often looked to Federal case law treatment of analogous civil procedure rules for guidance. *See, e.g., First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 23. Thus this Court will look to the interpretation by federal courts of the Federal counterpart to Guam R. Civ. P. 36(b) for its analysis.

Based on the language of Rule 36(b) of the Federal Rules of Civil Procedure, which is also adopted in Guam R. Civ. P. 36(b), courts have applied a two part test in deciding whether to grant or deny a motion to withdraw or amend admissions. *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002) (citation omitted). "First, the court should consider whether the withdrawal [or amendment] will subserve the presentation of the merits, and second, it must determine whether the withdrawal [or amendment] will prejudice the party who obtained the admissions in its presentation of the case." *Id.* (*citing Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995); *F.D.I.C. v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994)).

The first prong of the test requires the Court to consider whether permitting the amendment would subserve the presentation of the merits of Plaintiff's case. "This part of the test emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. 2005) (*quoting Perez*, 297 F.3d at 1266). In this case, the admissions at issue conceded the core elements of Plaintiff's case as to Contract No. 1. The admissions Flores seeks to amend establish that there was an oral agreement to pay Plaintiff $150,000.00 under Contract No. 1 and that Flores still owes $7,000.00 under the contract. (Opp'n Mot., 5, Jun. 21, 2013). The existence of a contract and its breach are obviously the core elements of a breach of contract claim. Relying on Flores's admissions would deny Flores the opportunity to have the merits of its claim considered as to Contract No. 1. Therefore, the first prong of the two-part test is met.

The second prong of the test requires the Court to ascertain whether the non-moving party would be prejudiced by a withdrawal or amendment of admissions. The Eleventh Circuit Court of Appeals explained this prong as follows:

> The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.

*Perez*, 297 F.3d at 1266 (*quoting Smith v. First Nat'l Bank*, 837 F.2d 1575, 1578 (11th Cir. 1988)).

Furthermore, "preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice." *Prusia*, 18 F.3d at 640. Plaintiff, as the party who obtained the allegedly mistaken admission, has the burden of proving that an amendment would prejudice it. Guam R. Civ. P. 36(b).

After review, the Court finds that Plaintiff has not made a sufficient showing that it would be prejudiced by the admission. Plaintiff argues that that it would be prejudiced by an amendment of the admissions only weeks before trial was scheduled to being on May 22, 2013 and after the discovery cut-off date had passed. However, the trial date was vacated at the pre-

trial conference held on May 15, 2013. Furthermore, in the stipulation and order filed on January 11, 2013, the deadlines set forth in the Scheduling Order and Discovery Plan was extended ninety (90) days. The Scheduling Order and Discovery Plan filed on July 17, 2012 lists the original discovery cut-off date as January 18, 2013. Ninety days after January 18, 2013 is on or around April 19, 2013. Thus, Flores served the "Amended Answers to Plaintiff's Request for Admissions" upon Plaintiff's counsel of record within the allotted time period. For these reasons, Plaintiff has failed to sufficiently show how he would be prejudiced.

It bears noting that the crux of Plaintiff's argument in opposing the motion is that Flores already admitted to the same facts it seeks to amend with this motion in Flores' answer to the complaint filed on June 1, 2012. In *Prusia*, the court found that "[p]ermitting the amendment of responses to a request for admissions is in the interests of justice if the record demonstrates that the "admitted" facts are contrary to the actual facts." *Prusia*, 18 F.3d at 641 (internal quoations and citations omitted). Citing to *Prusia*, Plaintiff argues that the admitted facts are not contrary to the actual facts, evidenced by Flores admitting to allegations by Plaintiff that the contents of the oral agreement was reduced to writing dated January 27, 2010, and by Flores admitting that it owes Plaintiff $7,000.00 under Contract No.1. (Opp'n Mot., 7, Jun. 21, 2013); (Complaint, 2-3; Exhibit A, Apr. 23, 2012); (Answer, 1, Jun. 1, 2012).

However, the facts applied to the test in *Prusia* are distinguishable from the facts of this case. The actual fact in *Prusia* was based on an official document from the Office of the Controller of the Currency. *Prusia*, 18 F.3d at 641. Exhibit A, the written agreement made on January 27, 2010, and the other admitted allegations lack the indicia of reliability for this court to recognize as an "actual fact," especially when Flores recognizes that it neglected to file a motion for leave to amend it intended to file. (Mot. to Amend Admissions, 3, May 29, 2013).

For all of these reasons, Defendant's motion shall be granted.

///

///

///

## CONCLUSION

Based upon the foregoing, Defendant W.B. Flores Engineering & Technical Services, Inc.'s "verified motion for leave to file Defendant W.B. Flores Engineering & Technical Services, Inc.'s amended answers to Plaintiff's request for admissions" is hereby GRANTED.

This matter is set for further proceedings on **February 5, 2014, at 9:00 a.m**.

**SO ORDERED this $31$ST day of January, 2014.**

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

JAN 31 2014

Roman F.P. Quinata
Deputy Clerk, Superior Court of Guam